# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DONALD JAMES COON,       )
                         )
        Plaintiff,       )
                         )
    v.                   )   No. 4:06-CV-1637-CAS
                         )
ASSUMPTION HEALTHCARE SYSTEM, )
et al.,                  )
                         )
        Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Donald James Coon for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this action for medical malpractice against Assumption Healthcare System, St. Mary's Hospital, Northeast Orthopedic Surgeons, Dr. Matthew Zmurko, Dr. John Whalen, and Northwoods Rehabilitation and Extended Care Hospital.

At the outset, the Court notes that plaintiff claims "diversity of parties" as the jurisdictional grounds for filing this action in federal court. Plaintiff states that he resides in the State of New York. He has provided New York addresses for four of the five named defendants (St. Mary's Hospital, Northeast Orthopedic Surgeons, Dr. Matthew Zmurko, Dr. John Whalen, and

Northwoods Rehabilitation and Extended Care Hospital), and a Missouri address for one defendant (Assumption Healthcare System).

Having carefully reviewed the complaint, the Court concludes that this action should be dismissed, without prejudice, for lack of federal-court subject matter jurisdiction. Although the amount in controversy exceeds $75,000, complete diversity of citizenship is lacking in that both plaintiff and four defendants are alleged to be New York residents. See 28 U.S.C. § 1332. As result, the case should be dismissed, without prejudice, for lack of federal jurisdiction.

Moreover, the instant action does not arise under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Although plaintiff summarily alleges "racial discrimination" in the complaint, none of the named defendants is alleged, or appears, to be a state actor, and thus, there can be no cause of action under 42 U.S.C. § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.")

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed in forma pauperis in this action.[1]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over this action. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this memorandum and order.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of December, 2006.

---

[1] Plaintiff filed a "Financial Affidavit--CJA Form 23" [Doc. #2], but he did not file a separate motion for leave to proceed in forma pauperis. Because the Court is dismissing this action for lack of jurisdiction, plaintiff will not be required to file a separate motion to proceed in forma pauperis.